FILED

JUN 0 7 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAMONT SAPP,
        Plaintiff,

v.

THE ROMAN CATHOLIC ARCHBISHOP
OF PORTLAND IN OREGON,
        Defendant.

CV 08-68-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

      Plaintiff *pro se* Shamont Sapp filed this action against defendant The Roman Catholic Archbishop of Portland in Oregon (the "Archbishop") on January 11, 2008. Sapp alleges the Archbishop's vicarious liability for sexual battery of a child and for intentional infliction of emotional distress, and direct liability for negligence. This court has jurisdiction over Sapp's action pursuant to 28 U.S.C. § 1334(b), based on the relatedness of these proceedings to a case arising under Title 11 of the United States Code.[1]

---

[1] Specifically, this action is subject to the future claims fund under the Third Amended and Restated Joint Plan of Reorganization confirmed in *In re Roman Catholic Archbishop of Portland*, 04-37154, which, in relevant part, sets a $20 million cap on the total funds available to pay all claims made against the Archdiocese through 2023.

Page 1 - OPINION AND ORDER

Now before the court is Sapp's motion (#67) to compel responses to interrogatories. I have considered the motion and all of the pleadings on file. For the reasons set forth below, Sapp's motion is denied.

## LEGAL STANDARDS

### I.  Scope of Permissible Discovery, Generally

Federal Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the district courts should limit the scope of discovery under specified circumstances, as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Page 2 - OPINION AND ORDER

## II. Motion to Compel

As noted above, Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant, *see Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000), or protected by any applicable evidentiary privilege, *see United States v. Ruehle*, 583 F.3d 600, 609 (9th Cir. 2009). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if:

> (i) a deponent fails to answer a question asked under Rules 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33, or
>
> (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B). Moreover, Rule 37(a)(4) provides that "an evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## FACTUAL BACKGROUND

### I. Underlying Facts

According to the allegations contained in Sapp's fourth amended complaint, in or around 1979 Sapp came to live with his uncle, John Prince, in Portland, Oregon. Sapp alleges that his uncle was a parishioner in All Saints Parish in Portland, and that Sapp would accompany his uncle to confession at All Saints on a weekly basis. At that time, Father T.L. was a priest at All Saints.

Sapp alleges that in or around June 1979, in the course of furthering his duties as a priest, Fr. T.L. began regularly hearing Sapp's confession and meeting with him for counseling purposes, seeking and gaining his trust and obedience. Sapp alleges that, in or around August 1979, as a result of the relationship Fr. T.L. had cultivated with him, Fr. T.L. induced and directed Sapp to begin engaging in sexual acts with Fr. T.L. Sapp further alleges that Fr. T.L. paid for Sapp to stay in a motel for five days and nights in August 1979, during which time Fr. T.L. engaged in sexual acts with Sapp on a nightly basis. Sapp alleges that, at the end of the five-day period, Fr. T.L. paid Sapp a sum of money, including funds for a bus ticket back to his home in Pennsylvania. Sapp alleges that he used the money to leave Portland. Sapp alleges that he repressed these incidents from memory until approximately June 2006.

### II. Relevant Procedural History

On April 30, 2009, I entered a case scheduling order (#41) establishing that fact discovery

Page 4 - OPINION AND ORDER

in this action would close on December 31, 2009. The same order established that the last day for filing discovery motions in this action would be December 31, 2009. That order has not since been modified.

### III.  History of the Parties' Discovery Dispute

Sapp asserts that on August 25, 2009, by and through his then-counsel, he propounded a set of interrogatories in this action. In support of his assertion, Sapp offers an unsigned set of interrogatories bearing the date August 25, 2009, without any accompanying certificate of service. For its part, the Archbishop offers evidence that it did not receive interrogatories propounded by Sapp in or around August 2009.

It is undisputed that on December 14, 2009, Sapp served the Archbishop with a set of interrogatories identical or very similar to those he claims to have propounded on August 25, 2009. On January 18, 2010, the Archbishop served Sapp with a response to his interrogatories, objecting to each interrogatory request on the grounds that it was not timely served. Sapp filed the motion to compel now before the court on April 22, 2010.

### ANALYSIS

The evidence in the record provides no basis for concluding that the interrogatories of August 25, 2009, were served on the Archbishop at any time prior to December 14, 2009. Although it is appears likely that the interrogatories were *prepared* by Sapp's then-counsel in August 2009, there is no evidence that Sapp's former counsel ever served the unsigned interrogatories bearing that date. To the contrary, the Archbishop's undisputed evidence establishes that the interrogatories were not served until December 14, 2009, when Sapp himself served them without assistance of counsel.

Page 5 - OPINION AND ORDER

Because the interrogatories were not served until December 14, 2009, and were at that time served by mail, the Archbishop's response was not due until January 17, 2010, after the close of fact discovery in this action. *See* Fed. R. Civ. P. 33(b)(2). Under Local Rule 16-2(e), the courts of this district "will not require a response to a discovery request that is made with insufficient time for a party to respond prior to the completion of discovery date." L.R. 16-2(e)(4). Because the Archbishop's response to the interrogatories was not due until after the close of fact discovery in this action, under Local Rule 16-2(e), Sapp's motion to compel must be denied.

In addition, as an alternative and independently sufficient ground for denying Sapp's motion, the motion is procedurally improper as having been filed after the last day for filing discovery motions in this action had passed. For this reason, too, Sapp's motion to compel is denied.

## CONCLUSION

For the reasons set forth above, Sapp's motion (#67) to compel is denied.

Dated this 4th day of June, 2010.

Honorable Paul Papak
United States Magistrate Judge